IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD L. LAMB                                       PLAINTIFF

v.                      CIVIL NO. 05-4015

JO ANNE B. BARNHART, Commissioner
Social Security Administration                       DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Richard L. Lamb brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on March 12, 2003, alleging an inability to work since September 1, 1999, due to gout, back pain, degenerative disc disease, proteinuria, polycythemia and hypertension. (Tr. 52-54, 260-262). For DIB purposes, plaintiff maintained insured status through December 31, 2000.[1] (Tr. 15). An

---

[1] In order for plaintiff to qualify for disability benefits he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984). The medical evidence of plaintiff's condition subsequent to the expiration of plaintiff's insured status is relevant only to the extent it helps establish plaintiff's condition before the expiration. *Id.* at 1169.

administrative hearing was held on May 20, 2004. (Tr. 272-303). Plaintiff was present and represented by counsel.

By written decision dated October 4, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to sit for a total of six hours in an eight-hour workday with normal breaks; to sit for one hour at a time; to stand or walk for a total of two hours in an eight-hour workday with normal breaks; and to occasionally lift and carry ten pounds, five pounds frequently. The ALJ further found plaintiff may need the use of a cane or hand held device to assist him when he stands or walks. With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a mortgage accounting clerk, a cost accounting clerk, a charge account clerk and an order clerk for food and beverage. (Tr. 19).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on January 13, 2005. (Tr. 4-6). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 8,9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

## Discussion:

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the record does not contain an RFC assessment. Further, the medical evidence indicates plaintiff reported experiencing shortness of breath and feeling fatigued and dizzy. (Tr. 112, 184, 192, 197, 204, 227, 234, 238). The record establishes plaintiff has been

4

diagnosed with polycythemia.[2]  Some of the symptoms of polycythemia include shortness of breath, fatigue and dizziness. *See http://www.nlm.nih.gov/medlineplus/ency/article/000589.htm*. Since no examining or non-examining physician opined as to what plaintiff is capable of performing we fail to find substantial evidence to support the ALJ's RFC determination.

        We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff-- including Dr. Vaishali Doshi-- asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). As there is some question in how a phlebotomy procedure is performed, the ALJ is directed to ask Dr. Doshi how long this procedure takes and what the recovery time is following such procedure including limitations or side effects caused by this procedure. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing, walking, reaching, bending, and lifting.

---

[2] Polycythemia is an acquired disorder of the bone marrow that causes the overproduction of all three blood cell lines. *http://www.nlm.nih.gov/medlineplus/ency/article/000589.htm*

AO72A
(Rev. 8/82)

We strongly suggest to plaintiff that he provide all medical evidence relevant to his application for disability to the Commissioner.

Finally, on remand, we suggest that the ALJ address plaintiff's allegations of the lack of finances to obtain treatment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE